STATE, Respondent, v. JOE STENBERG and D. E. FICKLEN, Appellants.

[227 Pac. 1050.]

BURGLARY—EVIDENCE, SUFFICIENCY OF.

    Evidence examined and *held* insufficient to support conviction of burglary in the first degree.

APPEAL from the District Court of the Eighth Judicial District, for Kootenai County. Hon. W. F. McNaughton, Judge.

Defendants were convicted of burglary in the first degree and appeal. *Reversed.*

J. Ward Arney, for Appellants.

Proof of the charge in criminal causes involves the proof of two distinct propositions; first, that the act itself was done,

and, secondly, that it was done by the persons charged and no others; in other words, proof of the *corpus delicti* and of the identity of the persons. (3 Greenleaf on Evidence, p. 30.) Before there can be a lawful conviction for a crime, the *corpus delicti*—that is, that the crime charged has been committed by someone—must be proved. (*State v. Sullivan,* 34 Ida. 68, 199 Pac. 649; *State v. Williams,* 52 N. C. 446, 78 Am. Dec. 248, and note; *People v. Jones,* 31 Cal. 565.)

If the proof fails to establish any of the essential elements necessary to constitute a crime, the defendant is entitled to an acquittal. (*State v. Sullivan, supra.*)

The unexplained possession by one of goods belonging to another does not raise the presumption that a larceny has been committed and that the possessor is a thief. (*State v. Seymour,* 7 Ida. 257, 61 Pac. 1033; *State v. Sessions,* 95 Kan. 272, 147 Pac. 789.)

The evidence must not only be consistent with the guilt of defendant, but it must be inconsistent with his innocence. (*State v. Burke,* 11 Ida. 420, 83 Pac. 228.)

A. H. Conner, Attorney General, and James L. Boone, Assistant, for Respondent.

The possession of stolen property unexplained is evidence of guilt. (*State v. Seymour,* 7 Ida. 257, 61 Pac. 1033; 9 C. J., pp. 1070, 1082; 4 R. C. L., sec. 34, p. 440; *Collins v. People,* 69 Colo. 343, 193 Pac. 634; *State v. Smith,* 85 Tex. Cr. 355, 212 S. W. 660.)

BUDGE, J.—Appellants were jointly informed against, tried and convicted of burglary in the first degree and were sentenced to serve a term of imprisonment in the state penitentiary of from one to fifteen years. From the judgment of conviction and from an order overruling a motion for a new trial this appeal is prosecuted.

The evidence may be summarized as follows: R. H. Hall was the owner of a Nash automobile which he kept in a private garage owned by J. C. White. A spare Goodyear tire with a Nash tire cover was carried on the back of his

car, the same being secured by a clamp held in place and locked with a padlock. The last time that Hall saw the extra tire on his car was on the night of Tuesday, December 18, 1923. He first missed it on the morning of Friday, December 21, 1923, at which time he found the padlock broken and lying on the floor of the garage with the clamp which had held the tire in place. Between the time he last saw the tire and when he discovered his loss the car remained in the garage. On Friday morning he notified the garages and second-hand stores in Coeur d'Alene of his loss. On Saturday noon, December 22, 1923, an employee of the Kootenai Motor Company's garage telephoned Hall and told him that he thought he knew where his stolen tire was. Hall thereupon went to the garage and identified the missing tire on a Dodge car in the possession of appellant Ficklin, as the one that he had lost. While Hall was telephoning, Ficklin drove the Dodge car out of the garage but Hall later overtook him. Ficklin was then taken to the sheriff's office where he made a statement to the effect that he and another person had been out on the prairie "the night before" and he had a flat tire and the party that was with him told him not to fix it but to drive in on the flat tire and he would lift him a tire. Ficklin refused to state who the party was but said that he was with the party who did steal the tire when he stole it. One mechanic from the Kootenai Motor Company's garage testified that "some time between four and five days before Christmas" Ficklin and Stenberg drove into the garage in a Dodge car to change a tire; that a Goodyear tire was taken from the back seat of the Dodge car and was put on the wheel in place of the flat tire. Another employee of the garage testified that the Dodge car was kept in the garage from the 24th to the 28th of December and during that time a Nash tire cover. was discovered therein, which the sheriff later took into his possession.

Numerous errors are assigned and relied upon in appellant's brief but there is only one error that we deem necessary to consider and that is whether the evidence is sufficient to sustain the verdict and judgment. We have carefully

read the entire record and have reached the conclusion that there is absolutely no competent evidence to sustain the conviction of appellant Stenberg of the crime with which he was charged. The only evidence of Stenberg's association with Ficklin or his connection with the Dodge car is that four or five days before Christmas Stenberg and Ficklin drove the car into the Kootenai Motor Company's garage and Stenberg assisted in changing a tire, and putting on the wheel the tire alleged to have been stolen. This evidence is not sufficient to establish burglary in the first degree, carrying with it the extreme penalty of from one to fifteen years in the state penitentiary. The judgment as to Stenberg should be reversed, and it is ordered that he be discharged from custody.

Coming now to appellant Ficklin, we think the evidence is sufficient, although close, to warrant the jury in finding that the tire belonged to Mr. Hall and in also reaching the conclusion that the White garage was burglarized and the tire stolen therefrom, but we seriously question whether the evidence shows or tends to show more than that Ficklin was in the possession of stolen property knowing the same to have been stolen, as prescribed by C. S., sec. 8438. If the evidence established the crime of larceny and that appellant was guilty thereof and further showed that the larceny could not have been committed without an unlawful entry in the night-time, although circumstantial, the jury would have been justified in reaching the conclusion that an entry was effected by the appellant in order to gain possession of the property and that he was guilty of burglary in the first degree. However, there is no evidence in the record to warrant the conclusion that appellant was guilty of larceny, but quite to the contrary, the evidence clearly showing by his own admission, and we think sufficiently corroborated, that he received the property knowing the same to have been stolen. There is no evidence that he was at or near the White garage either in the daytime or in the night-time. The period of time that elapsed (from Tuesday night when Hall last saw his spare tire on the car until Friday morning

when he first missed it) does not justify the inference that
it was stolen in the night-time. It is just as reasonable to
conclude that it was stolen in the daytime, and therefore in
the absence of any evidence that it was stolen in the night-
time, under no state of the case can it be said that appellant
was guilty of burglary in the first degree.

Hall first missed the tire on Friday morning. He located
it on the Dodge car at the Kootenai Motor Company's garage
about Saturday noon. Ficklin made the statement at the
sheriff's office on Saturday afternoon that he had been out
on the prairie "the night before" (Friday night) and had
tire trouble. A mechanic from the Kootenai Motor Com-
pany's garage testified that "some time between four and
five days before Christmas" Ficklin and Stenberg drove
into the garage and changed a tire. Ficklin's admission
would seem to indicate that he was in the Kootenai Motor
Company's garage on Friday night. From the mechanic's
testimony, which is uncertain, it might have been Thursday
night or it might have been Friday night. The fact that
Ficklin had the tire or that after the loss of the tire one of
the employees in the garage found a Nash cover in the Dodge
car used by Ficklin would not be sufficient to warrant a con-
viction of burglary in the first degree.

Without entering into an elaborate discussion of the law
as applied to the facts in this case, it is clear to our minds
that a gross injustice would be done to uphold the conviction
of appellant Ficklin of the crime of burglary in the first
degree. The judgment as to Ficklin should be reversed and
the cause remanded, with instructions to the trial court to
permit the prosecuting attorney, if he so desires, to file an
information charging Ficklin with the crime which the
record tends to disclose was committed.

William A. Lee and Wm. E. Lee, JJ., concur.